In re PPDI Litigation, 2012 NCBC 31.

STATE OF NORTH CAROLINA        IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION

COUNTY OF NEW HANOVER        11 CVS 4186


IN RE PPDI LITIGATION              ORDER AND FINAL JUDGMENT


The Stipulation and Agreement of Compromise, Settlement and Release, dated March 1, 2012 (the "Stipulation"), of the above consolidated class action (the "Action"), and the settlement contemplated thereby (the "Settlement") having been presented at the Settlement Hearing on May 24, 2012, pursuant to the Preliminary Approval Order entered herein on March 12, 2012 (the "Preliminary Approval Order"), which Stipulation was entered into by plaintiffs in the Action (the "Plaintiffs"), through Plaintiffs' Lead Counsel and by defendants Pharmaceutical Product Development, Inc. ("PPD" or the "Company"), Fredric N. Eshelman, Raymond H. Hill, Ernest Mario, Stuart Bondurant, Frederick Frank, Terry Magnuson, Vaughn D. Bryson, Robert Alexander Ingram and Ralph Snyderman (together with PPD, the "PPD Defendants") Jaguar Holdings, LLC, The Carlyle Group, Carlyle Investment Management, L.L.C, Carlyle Partners V, L.P., Hellman & Friedman LLC, Hellman & Friedman L.P., Hellman & Friedman Capital Partners VII, L.P., Hellman & Friedman Capital Partners VII (Parallel), L.P., Hellman & Friedman Advisors LLC, HFCP VII (Parallel-A), L.P., H&F Executives VII, L.P. and Jaguar Merger Sub, Inc. (together, "the Sponsors" collectively with the PPD Defendants, the "Defendants", and together with Plaintiffs, the "Parties") in the Action and which is incorporated herein by reference; and the Court having determined that notice of said

hearing was given to the Class in accordance with the Scheduling Order and that said notice was adequate and sufficient; and the Parties having appeared by their attorneys of record; and the attorneys for the respective Parties having been heard in support of the Settlement of the Action, and an opportunity to be heard having been given to all other persons desiring to be heard as provided in the notice; and the entire matter of the Settlement having been considered by the Court;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, this 24th day of May, 2012, as follows:

1.     The Notice of Pendency of Class Action, Proposed Settlement And Settlement Hearing ("Notice") has been given to the Class (as defined below) pursuant to and in the manner directed by the Preliminary Approval Order, proof of the mailing of the Notice has been filed with the Court and a full opportunity to be heard has been offered to all parties to the Action, the Class and persons in interest.  The form and manner of the Notice is hereby determined to have been the best notice practicable under the circumstances and to have been given in full compliance with each of the requirements of North Carolina Rule 23 and due process, and it is further determined that all members of the Class are bound by the Order and Final Judgment herein.

2.     The Court hereby finds, pursuant to North Carolina Rule 23, as follows:

a.     that (i) the Class, as defined below, is so numerous that joinder of all members is impracticable, (ii) there are questions of law and fact common to the Class, (iii) the claims of Plaintiffs are typical of the claims of the Class, (iv) Plaintiffs and Plaintiffs' Lead Counsel have fairly and adequately protected the interests of the Class,

and (v) a class action is superior to all other methods available for adjudication of the controversy before the Court;

b. that the requirements of North Carolina Rule 23 have been satisfied;

c. that the requirements of the North Carolina Rules and due process have been satisfied in connection with the Notice; and

d. that a non-opt out class is appropriate here because the relief sought for the Class was for uniform group remedies of injunctive and declaratory relief, all of which were applicable with respect to the Class as a whole.

3. Therefore, this Action is hereby certified as a non-opt out class action pursuant to North Carolina Rule of Civil Procedure 23(a), with the class defined as follows:

> any and all record and beneficial holders of PPD common stock, their respective successors in interest, successors, predecessors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, together with their predecessors and successors and assigns, who held shares of PPD common stock at any time between and including May 18, 2011, and December 5, 2011 (the "Class").

4. The Plaintiffs are hereby certified as the Class representatives, and Lead Counsel are certified as Lead Class Counsel.

5. The Court finds the Settlement to be fair, reasonable and adequate and in the best interests of the Class, and it is hereby approved. The Parties are hereby authorized and directed to comply with and to consummate the Settlement in accordance with its terms and provisions, and the Clerk is directed to enter and docket this Order and Final Judgment in the Action.

6.    This Order and Final Judgment shall not constitute any evidence or admission by any of the Parties herein that any acts of wrongdoing have been committed by any of the Parties to the Action and should not be deemed to create any inference that there is any liability therefor.

7.    The Action is hereby dismissed with prejudice in its entirety on the merits and, except as provided in the Stipulation, without costs.

8.    Plaintiffs and all members of the Class, together with their legal representatives, agents, heirs, successors in interest, transferees, and assigns, for good and sufficient consideration received, shall be deemed to have and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged any and all claims, demands, rights, actions, causes of action, liabilities, damages, losses, obligations, judgments, duties, suits, costs, expenses, matters, and issues known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, apparent or unapparent, that have been or could have been asserted in any court, tribunal, or proceeding (including, but not limited to, any claims arising under federal, state, foreign, or common law, including the federal securities laws and any state disclosure law), by or on behalf of the Plaintiffs, PPD, or any member of the Class whether individual, direct, class, derivative, representative, legal, equitable, or any other type or in any other capacity (the "Releasing Persons"), against the Defendants or any of their families, parent entities, controlling persons, associates, affiliates, or subsidiaries and each and all of their respective past or present officers, directors, stockholders, principals, representatives, employees, attorneys, financial or investment advisors, consultants,

accountants, investment bankers, commercial bankers, entities providing fairness opinions, advisors or agents, heirs, executors, trustees, general or limited partners or partnerships, limited liability companies, members, joint venturers, personal or legal representatives, estates, administrators, predecessors, successors, or assigns (the "Released Persons") which the Releasing Persons ever had, now have, or may have had by reason of, arising out of, relating to, or in connection with the acts, events, facts, matters, transactions, occurrences, statements, or representations, or any other matter whatsoever set forth in or otherwise related, directly or indirectly, to the allegations in the Actions, the complaints, the Merger Agreement, and other transactions contemplated therein, including the process pursuant to which the Defendants considered, deliberated and negotiated the terms of the Merger Agreement and such contemplated transactions, or disclosures made in connection therewith (including the adequacy and completeness of such disclosures) (the "Settled Claims"); provided, however, that the Settled Claims shall not include any properly perfected claims for appraisal pursuant to N.C. Gen. Stat. § 55-13-02, or claims to enforce the Settlement.

9.     Plaintiffs and all members of the Class, together with their legal representatives, agents, heirs, successors in interest, transferees, and assigns, for good and sufficient consideration received, shall be deemed to have and by operation of this Order and Final Judgment also shall be deemed to waive any and all provisions, rights and benefits conferred by California Civil Code § 1542 and by any law of any state or territory of the United States, or principle of common law, or any other law, which is similar, comparable or equivalent to California Civil Code § 1542, and the waiver of such

provisions, rights and benefits as set forth in the Stipulation is hereby approved and confirmed by this Court.

10.    Plaintiffs and all members of the Class, or any of them, together with their legal representatives, agents, heirs, successors in interest, transferees, and assigns, are hereby permanently barred and enjoined from commencing, prosecuting, instigating or in any way participating in the commencement or prosecution of any action asserting any of the Released Claims, either directly, representatively, derivatively, or in any other capacity, against any of the Released Persons.

11.    Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, is or may be deemed to be or may be used in any manner as:  (a) an admission of, or evidence of, the validity of any Released Claim, any wrongdoing or liability of the Defendants, any damage or injury to any person, or for any other purpose; (b) an admission or concession by Plaintiff or any member of the Class of any infirmity in the claims asserted in the Action; or (c) an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  The Released Persons may file the Stipulation and/or this Order and Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12. Without affecting the finality of this Order and Final Judgment in any way, this Court hereby retains continuing jurisdiction over all Parties hereto for the sole purpose of construing, enforcing and administering the Stipulation.

13. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation as modified, then this Order and Final Judgment shall be rendered null and void to the extent provided by, and in accordance with, the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

14. Plaintiffs' Lead Counsel are hereby awarded attorneys' fees in the amount of $450,000.00, inclusive of expenses, which amount the Court finds to be fair and reasonable and which shall be paid to Lead Counsel, Gardy & Notis.